Justin A. Palmer (SBN. 270857)
**FILER | PALMER, LLP**
249 E. Ocean Blvd., Suite 501
Long Beach, CA 90802
Telephone:  (562) 304-5200
Facsimile:  (562) 394-0504
Email:       justin@filerpalmer.com

Counsel for Plaintiffs,
SUMMER MEDFORD, TENE CARR-MEDFORD, and
JOHN MEDFORD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUMMER MEDFORD, TENE CARR-MEDFORD, and JOHN MEDFORD,<br><br>Plaintiff,<br>vs.<br><br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; and Does 1-10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>1) VIOLATION OF THE FREE EXERCISE CLAUSE OF FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION<br>2) VIOLATION OF THE RIGHT TO PRIVACY GUARANTEED UNDER THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION<br>3) VIOLATION OF THE RIGHT TO PRIVACY GUARANTEED UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION<br>4) VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973 (29 U.S.C. § 794)<br>5) VIOLATION OF THE AMERICAN'S WITH DISABILITIES ACT 42 U.S.C. §12101 ET SEQ.<br><br>**REQUEST FOR EMERGENCY TEMPORARY RESTRAINING ORDER INJUNCTIVE RELIEF - RCFC 65** |

p-Complaint.docx

1

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs, and each of them, allege the following:

## JURISDICTION

1.      Counts in this Action arise out of the First, Fourth and Fourteenth Amendments to the United States Constitution, The Rehabilitation Act of 1973 (29 U.S.C. § 794) and The American's With Disabilities Act 42 U.S.C. §12101 et seq.

## VENUE

2.      Venue is proper in the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 84 and 1391. The events that gave rise to this complaint are occurring in Los Angeles, County of Los Angeles, in the State of California, and one or more of the defendants has its Principal Place of Business in the County Los Angeles, California.

## PARTIES

3.      Summer Medford is a minor child and a resident of the State of California. She is currently a patient at Ronald Reagan UCLA Medical Center.

4.      Tene Carr-Medford is an adult and a resident of the State of California. She is the mother of Summer Medford. Pursuant to the California Family Code§ 6910 she is the healthcare decision maker for Summer Medford, a minor.

5.      John Medford is an adult and a resident of the State of California. He is the father of Summer Medford. Pursuant to the California Family Code§ 6910 he is the healthcare decision maker for Summer Medford, a minor.

6.      Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ("UC Regents") are entities of the State of California. Defendant UC Regents operates the UCLA Healthcare system, including the Ronald Reagan UCLA Medical Center, where Summer Medford is currently located. Plaintiff is informed and believes, and on the basis of said information and belief, alleged that UC Regents receive funding from the state and federal government which is used to

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

directly and indirectly provide healthcare services to individuals including but not limited to Summer Medford.

7.     Plaintiffs are ignorant of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sue these defendants by such fictitious names and capacities. Plaintiffs are informed and believe and based thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiffs' injuries as herein alleged were proximately caused by the actions and/or in-actions of said Doe defendants. Plaintiffs will amend this complaint to include the true identities of said doe defendants when they are ascertained.

8.     At all times mentioned, each of the defendants was acting as the agent, principal, employee, and/or employer of one or more of the remaining defendants and was, at all times herein alleged, acting within the purpose, course, and scope of such agency and/or employment for purposes of respondent superior and/or vicarious liability as to all other defendants.

9.     At all times mentioned herein, the defendants, and each of them, employed, hired, trained, retained, and/or controlled the actions of all other defendants, and each of them.

## **FACTS**

10.     On June 11, 2020, Summer Medford went into cardiac arrest and was admitted Ronald Reagan UCLA Medical Center. Currently, Summer Medford is on a Extra Corporeal membrane Oxygenation (ECMO) which supports lung and heart and supports breathing.

11.     California Health and Safety Code § 7180, in force and effect, at all times material to this action provides that "An individual who has sustained either (1) irreversible cessation of circulatory and respiratory functions, or (2) irreversible

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

cessation of all functions of the entire brain, including the brain stem, is dead. A determination of death must be made in accordance with accepted medical standards."

12.    California Health and Safety Code § 7181 provides that an individual can be pronounced dead by a determination of "irreversible cessation of all functions of the entire brain, including brain stem." It requires "independent" confirmation by another physician.

13.    Summer is currently receiving stem cell and exosome treatment under the direction of AMA Regeneration and Dr. Alice Hoffman, Summer's pediatric rheumatologist. AMA Regeneration physician Dr. Pien believes the continued treatment and additional monitoring will stabilize Summer's medical condition and brain function, eliminating the need for life support and ECMO function. She also believes more time is needed to adequately assess Summer's brain and motor functioning to determine further medical interventions.

14.    Dr. Alice Pien believes additional time is needed to fully evaluate the results of certain treatment to determine further medical interventions are, specifically to see if Summer's body has responded to positive regeneration of certain cellular function before.

15.    Defendant UC Regents, by and through it's agent Anil Sapru, Division Chief Pediatric Medicine, has informed Plaintiffs Tene Carr-Medford and John Medford that Summer is "dead" utilizing the definition of "brain death" derived from California Health & Safety Code § 7180.

16.    Plaintiffs are Christians with firm religious beliefs that as long as the heart is beating, Summer is alive. Plaintiffs have personal knowledge of others who had been diagnosed as brain dead, where the decision makers were encouraged to "pull the plug" yet they didn't and their loved one emerged from legal brain death to where they had cognitive ability and some even fully recovering. These religious

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

beliefs involve providing all treatment, care, and nutrition to a body that is living, treating it with respect and seeking to encourage its healing.

17.    Dr. Sapru has advised of his plan to disconnect the ECMO that Summer Medford is relying upon to breathe on June 16, 2020 to preform an apnea test, claiming that she is brain dead pursuant to California Health and Safety Code§ 7180. Defendants claim that, since they have pronounced Summer dead that Plaintiffs have no right to exercise any decision-making authority vis-à-vis maintaining her daughter on the ECMO device.

18.    To stop Defendants from terminating Summer's ECMO dependence, Plaintiffs, Tene Carr-Medford and John Medford have filed this Complaint, along with an Ex Parte Application for a Temporary Restraining Order seeking an order (1) authorizing the petitioners (Summer's parents) to make medical care decisions for Sumner and for an injunction under to prohibit Defendant UC Regents withholding life support from Summer.

19.    Plaintiffs, Tene Carr-Medford and John Medford vehemently oppose the efforts of the Defendants to exclude them from the decision making regarding their daughter and their insistence that they have no right vis-à-vis the decision to disconnect the ECMO. Plaintiffs have expressly forbidden the defendants from removing all life support systems and devices, and defendants have refused their requests. Defendants likewise dismiss the medical opinion of Dr. Alice Pien, who has advised Summer required further monitoring and additional stem and exosome cell treatment to regenerate her brain function.

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## FACTS WARANTING EMERGECY TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

20.     There is a substantial likelihood of success on the merits given the wealth of decisional authority, both in the Court of Appeal, and the U.S. Supreme Court demonstrating the constitutional rights people have over their decision making role in their healthcare and for parents over the healthcare decisions concerning their children.

21.     The injuries threatened of the conduct is not enjoined will be irrevocable and irreparable, Summer Medford will be taken off the ECMO, her heart will stop beating and she will cease to show any signs associated with a living body. If they are prohibited from making healthcare decisions re nutrition, medications, etc., their daughter will starve and her electrolytes will get out of balance and other complications will arise that will hasten, and ultimately lead to, Summer's death.

22.     The threatened injury is death to Summer and loss of a daughter to Tene and John. Defendants have stated no reason they would suffer a loss other than its demoralizing to treat a dead person.

23.     This case is one of national interest and the issue of the right to participate in healthcare decisions is one of great public concern. Therefore, granting of preliminary injunction is in the public interest.

## TERMS OF THE PROPOSED RESTRAINING ORDER

24.     Plaintiffs seek to have defendants be restrained from removing the ECMO.

25.     Plaintiffs seek to have defendants initiate the provision of nutrition to Summer.

p-Complaint.docx                                    1

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

26. Plaintiffs seek to have to take all medically available steps/measures to seek to improve her health and prolong her life including nutrition including the insertion of a tracheostomy tube and a gastric tube.

27. Plaintiffs seek to be provided ample time and support (including the placement of the tracheostomy tube and the gastric tube) to try and locate a facility that will accept her as a patient to treat her and provide her vent support.

## FIRST COUNT

### (Violation of First Amendment Rights - Free Exercise of Religion)

(Against All Defendants)

28. Plaintiffs incorporates by reference each of the preceding paragraphs as if fully set forth herein.

29. This action arises under the United States Constitution, particularly under the provisions of the Free Exercise Clause of the First Amendment to the Constitution of the United States.

30. The acts complained of herein are being committed by the Defendants, and are depriving Plaintiffs CARR MEDFORD, MEDFORD and Summer Medford of their rights to freely express their religious beliefs. The denial of these rights threatens the very existence of Summer and will completely sever the relationship that still endures between Tene, John and Summer.

31. The Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to violate Plaintiffs' civil rights so as to injure Plaintiffs, and each of them.

32. As a proximate cause of the Defendants' conduct, Plaintiffs, and each of them, are incurring attorney fees and litigation costs, including the costs of retaining experts.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

33.     Plaintiffs pray for relief in the form of a declaration of the right of Plaintiffs, Tene Carr Medford and John Medford, to exercise control over the determination of the healthcare to be provided to and received by Summer Medford and a declaration that the application of California Health and Safety Code § 7181, as defendants seek to do, giving them the right to discontinue ECMO support over the objection of Plaintiffs Tene Carr Medford and John Medford, is unconstitutional as an interference with Plaintiffs exercise of their religious beliefs.

34.     Plaintiffs pray for an injunction prohibiting Defendants from removing ECMO support and an order that they institute nutritional support and other medical treatments to as to provide her with proper care and treatment designed promote her maximum level of medical improvement and to provide Plaintiff a reasonable time to continue the series of stem cell and exosome treatment under the direction of AMA Regeneration and Dr. Alice Hoffman in accordance with their religious beliefs.

## SECOND COUNT

### (Violation of Fourth Amendment Rights - Privacy Rights)

### (Against All Defendants)

35.     Plaintiffs incorporates by reference each of the preceding paragraphs as if fully set forth herein.

36.     This action arises under the United States Constitution, particularly under the provisions of the Privacy Rights established and recognized as existing within and flowing from Fourth Amendment to the Constitution of the United States.

37.     Each of the acts complained of herein was committed by the Defendants, and each of them, and by seeking to deny Tene Carr Medford, John Medford and Summer Medford of the rights to privacy including but not limited to their rights to have control over their health care, by refusing to provide health care to them, and by

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

denying them the right to have control over the health care decisions affecting Summer, which are recognized under the Fourth Amendment of the U.S. Constitution.

38.     The conduct of the Defendants, and each of them, has deprived Plaintiffs of the rights of privacy that they have over their medical decisions.

39.     As a direct and proximate result of the Defendants' conduct, as alleged herein, Plaintiffs are in great risk of the death of Summer Medford occurring. She has been suffering, as has Tene Carr Medford and John Medford by being prohibited from obtaining proper care for Summer and by being deprived of the right of knowing that Summer was being cared for and, instead, fearing that she was becoming weaker and dying because of the refusal of the defendants to provide treatment.

40.     As a direct and proximate result of the Defendants' conduct, the Plaintiffs have suffered past and future general damages in amounts to be determined by proof at trial.

41.     As a proximate cause of the Defendants' conduct, Plaintiffs, and each of them, are incurring attorney fees and litigation costs, including the costs of retaining experts.

42.     Plaintiffs pray for relief in the form of a declaration of their rights of privacy relating to their rights to control over their medical decisions and choices. Plaintiff further request declaratory relief that the application of the determination of the healthcare to be provided to and be received by Summer Medford and a declaration that the application of California Health and Safety Code § 7181, in the manner in which Defendants seek to do so, so as to deprive Plaintiffs of their ability to choose to remain on ECMO support is an unconstitutional interference with Plaintiffs exercise of rights to privacy.

43.     Plaintiff prays for an injunction prohibiting Defendants from removing ECMO support and an order that they institute nutritional support and other medical

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

treatments to as to provide her with proper care and treatment designed to promote her maximum level of medical improvement and to provide Plaintiff a reasonable time to continue the series of stem cell and exosome treatment under the direction of AMA Regeneration and Dr. Alice Hoffman.

### THIRD COUNT

### (Violation of Fourteenth Amendment Rights to Privacy)

44.     Plaintiffs incorporates by reference each of the preceding paragraphs as if fully set forth herein.

45.     This action arises under the United States Constitution, particularly under the provisions of the Fourteenth amendment and its right to privacy.

46.     Each of the acts complained of herein was committed by the Defendants, and each of them, and by seeking to deny Tene Carr Medford, John Medford and Summer Medford of the rights to privacy including but not limited to their rights to have control over their health care, by refusing to provide health care to them, and by denying them the right to have control over the health care decisions affecting Summer, which are recognized under the Fourteenth Amendment of the U.S. Constitution.

47.     As a proximate cause of the Defendants' conduct, Plaintiffs, and each of them, are incurring attorney fees and litigation costs, including the costs of retaining experts.

48.     Plaintiffs pray for relief in the form of a declaration of their rights Privacy over the healthcare decisions concerning Summer's rights to exercise control over her medical decisions and that the efforts to/ decision of UC Regents to unilaterally remove Summer from the ECMO under California Health and Safety Code§ 7181, are an unconstitutional interference with Plaintiffs Privacy rights.

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

49.     Plaintiff prays for an injunction prohibiting Defendants from removing ECMO support and an order that they institute nutritional support and other medical treatments so as to provide her with proper care and treatment designed to promote her maximum level of medical improvement, to insert a tracheostomy tube and a gastric tube, and to provide Plaintiff a reasonable time to locate an alternate facility to care for her child in accordance with her religious beliefs.

## FOURTH COUNT

### (Violation of the Federal Rehabilitation Act)

### Against All Defendants

50.     Plaintiffs incorporates by reference each of the preceding paragraphs as if fully set forth herein.

51.     Summer Medford is a handicapped and/or disabled individual as that term is defined under both the Rehabilitation Act of 1973.

52.     Section 504 of the Rehabilitation Act prohibits discrimination against an "otherwise qualified" handicapped individual, solely by reason of his or her handicap, under any program or activity receiving federal financial assistance.

53.     Hospitals such as UCLA Ronald Reagan Medical Center, operated by Defendant UC Regents that accepts Medicare and Medicaid funding, is subject to the Rehabilitation Act.

54.     The UCLA Ronald Reagan has admitted that the sole reason it wishes to withhold ECMO treatment and the sole reason that it refuses to provide nutrition and other medical treatment for Summer Medford over her parents objections, is because of Summer's brain injury--her handicap and disability.

55.     Summer is "otherwise qualified" to receive treatment dismal long-term prospects of living.

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1    56.    Thus, the Hospital's desire to withhold ECMO treatment, nutritional support, and other medical treatment, from Summer over her parents objections, violates the Rehabilitation Act.

57.    As a proximate cause of the Defendants' conduct, Plaintiffs, and each of them, are incurring attorney fees and litigation costs, including the costs of retaining experts.

58.    Plaintiffs pray for relief in the form of a declaration the effort to remove Summer from her ECMO under California <u>Health and Safety Code</u>§ 7181, and their refusal to provide her with medical care and nutritional support violates the Rehabilitation Act and, therefore, Defendants should be ordered to continue said support and to provide nutritional support and other medical support designed to allow Summer to continue existing and to have a best chance of regaining brain function.

59.    Plaintiff prays for an injunction prohibiting Defendants from removing ECMO support and an order that they institute nutritional support and other medical treatments so as to provide her with proper care and treatment designed to promote her maximum level of medical improvement, and to provide Plaintiffs a reasonable time to continue the series of stem cell and exosome treatment under the direction of AMA Regeneration and Dr. Alice Hoffman.

## FIFTH COUNT

### (Americans with Disabilities Act)

Against All Defendants

60.    Plaintiffs incorporate, herein by reference, paragraphs 1 through 67 as though fully set forth herein.

61.    Section 302 of the Americans with Disabilities Act ("ADA") prohibits discrimination against disabled individuals by "public accommodations." 42 U.S.C. § 12182.

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

p-Complaint.docx           12

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

62.    A "disability" is "a physical or mental impairment that substantially limits one or more of the major life activities" of an individual. 42 U.S.C. § 12102(2). This includes any physiological disorder or condition affecting the neurological system, musculoskeletal system, or sense organs, among others. 28 C.F.R. § 36.104 (definition of "physical or mental impairment").

63.    Brain damage from lack of oxygen is a disability, because it affects Summer's neurological functioning, ability to walk, and ability to see or talk.

64.    "Public accommodation" is defined to include a "professional office of a health care provider, hospital, or other service establishment." 42 U.S.C. § 12181(7). The Hospital is a public accommodation under the ADA. 28 C.F.R. § 36.104.

65.    Section 302(a) of the ADA states a general rule of nondiscrimination against the disabled: General rule. No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodation of any place of public accommodations by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a).

66.    In contrast to the Rehabilitation Act, the ADA does not require that a handicapped individual be "otherwise qualified" to receive the benefits of participation. Further, section 302(b)(l)(A) of the ADA states that "[i]t shall be discriminatory to subject an individual or class of individuals on the basis of a disability ... to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(b)(l)(A)(i).

67.    The Hospital seeks to deny Summer Medford the benefits of ECMO services, nutrition and other medical treatment to Summer Medford by reason of her disability. The Hospital's claim is that it is "futile" to keep alive a "brain dead" baby,

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

even though the mother has requested such treatment. But the plain language of the ADA does not permit the denial of ECMO services, and other medical services such as the provision of nutrition and medical treatment that would keep alive a brain injured child when those life-saving services would otherwise be provided to a baby without disabilities at the parent's request. The Hospital's reasoning would lead to the denial of medical services to brain injured individuals as a class of disabled individuals. Such discrimination against a vulnerable population class is exactly what the American with Disabilities Act was enacted to prohibit. The Hospital would therefore violate the ADA if it were to withhold ECMO treatment, nutrition and other medical treatment to Summer Medford.

68.     As a proximate cause of the Defendants' conduct, Plaintiffs, and each of them, are incurring attorney fees and litigation costs, including the costs of retaining experts.

69.     Plaintiffs pray for relief in the form of a declaration that the efforts of Defendants, and each of them, to remove Summer from her ECMO under California Health and Safety Code§ 7181, and their refusal to provide her with medical care and nutritional support violates the ADA and, therefore, Defendants should be ordered to continue said support and to provide nutritional support and other medical support designed to allow Summer to continue existing and to have a best chance of regaining brain function.

70.     Plaintiff prays for an injunction prohibiting Defendants from removing ECMO support and an order that they institute nutritional support and other medical treatments so as to provide her with proper care and treatment designed to promote her maximum level of medical improvement, to insert a tracheostomy tube and a gastric tube, and to provide Plaintiff a reasonable time to continue the series of stem

**COMMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

cell and exosome treatment under the direction of AMA Regeneration and Dr. Alice Hoffman in accordance with her religious beliefs.

### **PRAYER**

WHEREFORE, Plaintiffs pray judgment against Defendants and each of them, as follows:

**Counts One through Five:**

1.        Declaratory Relief;

2.        Attorney fees;

3.        Injunctive relief including, but not limited, to injunctions precluding removal of ECMO support and mandating introduction of nutritional support, insertion of a tracheostomy tube, gastric tube, and to provide other medical treatments and protocols designed to promote her maximum level of medical improvement and provision of sufficient time for Plaintiff to locate an alternate facility to care for her child in accordance with her religious beliefs.

4.        Plaintiffs also request that the Court issue whatever additional injunctive relief the Court deems appropriate; and

5.        For such other and further relief as the court may deem proper.

Dated: June 17, 2020

Respectfully Submitted,
**FILER | PALMER, LLP**

By: _____

Justin A. Palmer
Attorneys for Plaintiffs,
TENE CARR-MEDFORD, and JOHN MEDFORD

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

p-Complaint.docx

1

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**