O

# United States District Court
# Central District of California

| | |
|---|---|
| S.M. et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA. et al.,<br><br>　　　　　Defendants. | Case No. 2:20-cv-05353-ODW (ASx)<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE [2]** |

　　　　Plaintiffs S.M., Tene Medford Carr, and John Medford initiated this action asserting constitutional violations and seeking an emergency injunction preventing Defendant The Regents of the University of California from imminently removing life sustaining medical support from minor Plaintiff S.M.  (*See* Compl., ECF No. 1; Ex Parte Appl. ("TRO"), ECF No. 2.)  Plaintiff S.M. is the fourteen year-old daughter of Plaintiffs Tene Medford Carr and John Medford.  S.M. went into cardiac arrest on June 11, 2020, and was admitted to Ronald Reagan UCLA Medical Center.  S.M. is currently on life support which is sustaining her heart and lung function.

　　　　Dr. Anil Sapru, Division Chief of Pediatric Medicine for Defendants, informed Plaintiffs that S.M. is legally brain dead, that Dr. Sapru will be performing an apnea test on June 16, 2020, and will be removing all life support on June 17, 2020, at 2 p.m.

(TRO 4; Decl of Justin A. Palmer ("Palmer Decl.") ¶ 6, ECF No. 2-1.) Plaintiffs' counsel subsequently filed a supplemental declaration stating that he was informed life support would be removed at 12:00 p.m. on June 17, 2020. (Suppl. Decl. Justin A. Palmer ¶ 3, ECF No. 7.) Plaintiffs are currently pursuing treatment options, including regenerative medicine techniques with Dr. Alice Pien. Plaintiffs began a novel Regenerative Medicine treatment on June 14, 2020; Dr. Pien advises that she requires at least thirty days to monitor S.M.'s response to these treatments and observe her results. (Palmer Decl. ¶ 5, Ex. B.)

Accordingly, on June 16, 2020, Plaintiffs initiated the instant action and filed an ex parte application for a temporary restraining order enjoining Defendants from removing S.M.'s life support measures. (*See* TRO.) Plaintiffs provided Defendant with notice of this action and of the instant application. (Palmer Decl. ¶ 2, Ex. A.) The Court ordered Defendants to file any response no later than 11:00 a.m. on June 17, 2020. (Order, ECF No. 10.) The Court received no response from Defendants by that time.

The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). In the Ninth Circuit, a plaintiff must demonstrate "serious questions going to the merits, and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, [provided] that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).

In light of the immediacy of irreparable harm to Plaintiffs pending the Court's review of the case's constitutional questions, the Court finds a temporary restraining order warranted. Plaintiffs face the imminent irreparable harm of S.M.'s death, harm

for which there can be no reversal or adequate compensation. Thus, the balance of hardships also tips sharply in their favor. Plaintiffs pose serious constitutional questions concerning their rights as parents to make medical decisions for their minor child and consistent with their religious beliefs. (*See* Compl.) The public interest will be served by consideration of these questions on their merits.

Accordingly, and in light of the immediacy of irreparable harm to Plaintiffs pending the Court's review of the case's merits, the Court **GRANTS** Plaintiffs' ex parte application for a temporary restraining order. (ECF No. 2.) Defendants are hereby **ENJOINED** from ending life sustaining medical support for the minor Plaintiff S.M.

**IT IS ORDERED** that Defendant **SHOW CAUSE** on **July 1, 2020, at 11:00 a.m.**, in the courtroom of the Honorable Otis D. Wright II, located in Courtroom 5D at 350 W. 1st Street, Los Angeles, California 90012, why a preliminary injunction should not issue enjoining Defendants from removing Plaintiff S.M.'s life support measures, for a period of thirty days or until the present lawsuit is resolved.

**IT IS FURTHER ORDERED** that, should Plaintiffs wish to supplement their application, they must do so on or before **June 22, 2020**. Should Defendants wish to submit an opposition brief in advance of the hearing on the Order to Show Cause, it must do so on or before **June 26, 2020**. Plaintiffs shall not file any responsive pleadings, but may address any arguments raised in Defendants' supplemental opposition at the hearing.

**IT IS SO ORDERED.**

June 17, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**